# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

Christopher Clingingsmith                )
                    Plaintiff            )
                                         )
                                         )
        vs.                              )        Case No. 11- 4037
                              (Dentist)  )
Steven J. Ballard, Dr. W. Rankin MD, Jane Doe;  )    Defendants are sued as individuals
Eric Lindley, LT. Lyden, MC Ryan, John Doe )    and in their official capacities for
Carl Clark, Ryan Rivera, John McCoil, )    money damages both compensatory and
Brian Fairchild, Richard L. Bard )    punitive. Defendants at all times relevant
                    Defendant(s)         )    were operating under color of State law.

## COMPLAINT

☒    42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐    28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐    Other _____

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, Christopher Clingingsmith , and states as follows:

My current address is: 6665 State Rt. 146 East
            Vienna, Illinois  62995

The defendant Steven J. Ballard, is employed as Warden of East Moline
Corr. Center            at 100 Hillcrest Rd. East Moline, Il. 61244
The defendant Dr. W. Rankin , is employed as Medical Director of
East Moline Corr. Center  at 100 Hillcrest Rd. East Moline, Il. 61244
The defendant Jane Doe (Dentist), is employed as Dentist of East Moline
Corr. Center            at 100 Hillcrest Rd. East Moline, Il. 61244
The defendant Richard L. Bard , is employed as Chief of Operations
of I.D.O.C.            at 1301 Concordia Ct. Springfield, Il 62794

(revised 9/96)

The defendant _Brian Fairchild_ , is employed as _Officer of Inmate Issues_
_at IDOC_ at _1361 Concordia Ct. Springfield, Il 62794_
Additional defendants and addresses _Eric Lindley - food sup._ _Mr. Ryan - food Sup., LT Lydon-_
_(first name unknown)_
_LT. of Internal affairs, John McColl- S/o of internal affairs, John Doe - S/o assigned to dietary_
_(name unknown)_
_Carl Clark - Chairman of adjustment committee, Ryan Rivera - member of adjustment committee_
_all above additional defendants are employed at East Moline Corr. Center, 100 Hillcrest Rd._
_East Moline, Il. 61244_

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

## LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?       Yes ☐       No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in state or federal court while incarcerated?

Yes ☐       No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to previous lawsuit:

Plaintiff(s)   _N/A_____

Defendant(s) _____

_____

2. Court (if federal court, give name of district; if state court, give name of county)
_N/A_____

2

Defendants and Addresses

Steven J. Ballard - Warden at East Moline
Corr. Center. 100 Hillcrest Rd. East Moline, Il. 61244

Dr. W. Rankin MD - Medical Director at East Moline
Corr. Center. 100 Hillcrest Rd. East Moline, Il. 61244

Jane Doe - Dentist at East Moline. Corr. Center on
11-28-09. (name unknown at this time) 100 Hillcrest
Rd. East Moline, Il. 61244

Eric Lindley - food supervisor on 11-28-09 at East
Moline Corr. Center. East Moline, Il. 61244

Mr. Ryan - (first name unknown) food supervisor on
11-28-09 at East Moline Corr. Center. at East Moline,
Il. 61244

LT. Lydon - (first name unknown) Lieutenant involved
with incident at East Moline Corr. Center. 100 Hillcrest Rd.
East Moline, Il. 61244

John McColl - C/o involved with I.A. at the time
of incident at East Moline Corr. Center. 100 Hillcrest Rd.
East Moline, Il. 61244..

John Doe-C/o working in dietary on the day of
the incident on 11-28-09 at East Moline Corr Center at
100 Hillcrest Rd. East Moline, Il. 61244

Carl E. Clark- Chairman of adjustment committee
at the time of incident at East Moline Corr. Center
at 100 Hillcrest Rd. East moline Il. 61244

Ryan J. Rivera- member of adjustment committee
at the time of incident at East Moline Corr. Center
~~of East moline, It~~ 100 Hillcrest Rd.
East Moline Il. 61244

Brian Fairchild - member of administrative
review board whom reviewed my grievances from
the incident that occured at East Moline Corr. Center
1301 Concordia Ct. Springfield, Il. 62794-9277

Richard L. Bard- Chief of operations whom
I wrote after the incident at East Moline Corr. Center.
1301 Concordia Ct. Springfield, Il. 62794-9277

AMEER MUHAMMAD R25896 Inmate
IDoc EAst moLine CC EAst moLine
ILL 61244

3. Docket Number/Judge _____ *NA* _____

4. Basic claim made _____ *NA* _____

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?) _____ *NA* _____

6. Approximate date of filing of lawsuit _____ *N/A* _____

7. Approximate date of disposition _____ *NA* _____

For additional cases, provide the above information in the same format on a separate page.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A.  Is there a grievance procedure available at your institution?   Yes  ☒    No  ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?   Yes  ☒    No  ☐

If your answer is no, explain why not _____

_____

C.  Is the grievance process completed?    Yes  ☒    No  ☐

*PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES. PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

# Preliminary Statement

This is a Civil Rights filed by
Christopher Clingingsmith, a state prisoner, for
money damages, Compensatory and punitive and
injunctive relief under 42 USC 1983 alleging medical
incompetence, malpractice, denial of proper medication
to aleivate pain and suffering and denial of proper
medical care by alleged health care professionals at
Ill. dept. of corrections East moline Il's facility.
In violation of the eighth amendment of the U.S.
Constitution in segregation in violation of the due
process clause of the 14th amendment to the
Constitution.

Plaintiff Christopher Clingingsmith was
incarcerated at the Illinois Department of Corrections
at East Moline Correctional Center, East moline, Il, during
the events described in this Complaint.

(1

## Statement of Claim

<u>Place of occurrence</u> - East Moline Corr Center.
100 Hillcrest Rd. East Moline Il. 61244
<u>Dates of occurrences</u> - Nov. 28, 2009 —
<u>Witnesses to occurrences</u> - Inmate dietary workers working
in dietary at East Moline Corr. Center on Nov. 28, 2009
at aprox. 2:25pm and security video tape of dietary
on Nov. 28, 2009.

### Statement of Facts

on 11-28-09 at aprox. 12:30 pm. I reported
to my job assignment at the dietary to start work.
I signed in with C/o John Doe (name unavailable at this time)
and with assistant food supervisor Ryan. (First name unavailable right now)
Food supervisor Eric Lindley was in charge of the Kitchen
that day. ass. food supervisor Ryan, food supervisor Lindley.
and C/o John Doe who was responsible for the safety and
security of the Kitchen were not in their assigned areas
at the time I was brutality assaulted. 720 ILCS 5/12-4 (a)
Class 3 felony by inmate muhammad R25896. Defendants
C/o John Doe and food supervisors Lindley and Ryan in fact
had not been in their assigned areas for quite some time
before, during and after inmate muhammad brutally assaulting
me and attempting to murder me 720 ILCS 5/8-4 (.) (a)
Class X felony. Inmate muhammad did so by
repeatedly Kicking me in the body and head    over →

(2

until I was unconscious. This entire incident/attack was caught on security video on 11-28-09. The video clearly shows the lack any %'s, Kitchen supervisors, or any employee of IDOC on site. IDOC staff and %o responsible for safety/security and operation of the Kitchen were busy in another part of the building drinking coffee and talking. official misconduct 720 ILCS 5/33-3 (b)(c) a Class 3 felony. while the Kitchen became a battleground. This was an 8th amendment violation of the constitution-Reckless and deliberate indifference to the safety and security of their workers, their workplace and their jobs by showing how easy it was to turn a blind eye to their own liability as individuals and in their official capacity, having this incident/attack take place while they (food supervisors and %o) go on break or meal at the same time.

   Inmate muhammad stole some milk from a cooler that I was responsible for as part of my job. I asked muhammad to return the milk he had taken. He ignored my request. I told him that I wanted to avoid problems with the food supervisors and %o on duty, he did no respond So I turned and walked away. after walking half-way across the dining area someone from behind me yelled "hey" as I turned around inmate muhammad punched me in the face with his fist and continued punching me as I fell to the floor. Upon falling on the floor inmate muhammad began kicking me in the ribs then stomping on my face rendering me unconscious.
   Aggravated battery 720 ILCS 5/12 - 4 (A)        over →

(3

After a few minutes a fellow kitchen worker, Christian (last name unknown) helped me to my feet. I then walked to the window ledge inside the dining area and sat down to try to gather my thoughts. After several minutes I went back to the kitchen area to try to locate the C/o and food supervisors. After searching the kitchen area I went to the officers dining area in another part of the building and finally found C/o John Doe and food supervisors Lindley and Ryan. They were all seated around a table drinking coffee and talking together. I then told them that I had slipped and fell, in order to avoid retaliation from inmates muhammad's fellow gang members. I knew that inmate muhammad was a "black P Stone" and that if word got out that I "snitched" my safety would be in jeopardy. I was afraid. Food Supervisor Lindley radioed the movement C/o whom escorted me to the Health Care Unit. After arriving at the H.C.U. I was seen by a nurse (name unknown) who gave me some aspirin and sent me back to my unit. There is no record of this visit in my files). I went back to my unit and stayed in my cell for the next day and a half. On monday morning 11-30-09 at about 7 am my unit C/o told me to report to internal affairs when count cleared. when I got to internal affairs C/o McColl took me into his office and questioned me about the incident / at assault. I told him the same thing that I had said on 11-28-09, that I had slipped and fell. again out of fear for my safety. There were many fellow gang members on the same unit that I was assigned to that I knew of.  over →

(4

C/o McColl told me that he had talked to witnesses from the dietary and he already knew what happened. C/o McColl then handcuffed me and had the movement C/o put me in a van and take me to seg. He did this without an explanation, a ticket, a hearing or justification. This was a due process violation of the 14th amendment, illegal search and seizure, a 4th amendment violation and an 8th amendment violation against cruel and unusual punishment. C/o McColl knew that I had been brutaly assaulted based on interviews from other inmates in the dietary and after hearing about the beating I took, he failed to order me to the HCU to be examined by a doctor. Based on that, this is another 8th amendment violation: state felony official misconduct 720 ILCS 5/33-3 (b) (c) from C/o McColl and reckless and deliberate indifference for what happened and sending me to seg. after being assaulted without a medical examination. LT. Lydon shares a conspiracy 720 ILCS 5/8-2 blanket with other C/o's and staff from East Moline Corr. Center. This stands out in exibit (A) statement that he "caught" the assault on security video from dietary on 11-28-09 at aprox. 2:25pm. Which shows no food supervisors nor C/o's present. LT. Lydon turned a blind eye to any injuries that may have occurred from the brutal beating that I took from inmate Muhammad, an assault that shows me receiving brutal kicks to the body and face. from the boot of Muhammad. The day after I was taken to seg. 12-1-09 I complained to the morning nurse of dizziness, blood in my urine, vomiting, migrane headaches and my inability to eat because of the extreme over →

(5

pain I was having in my jaw. Later that day I was taken to see Dr. W Rankin at the H.C.U. Dr. Rankin determined that I might have some cracked ribs and that I had some bruises and abrasions from the assault. He said that there was nothing that he could do for me and that I would be fine. After telling him that I thought that I had a broken jaw, he asked me where I got my medical degree. I told him that I couldn't eat because of the severe pain in my jaw and that my teeth felt out of align from the kick to my jaw. Dr. Rankin then dismissed me by telling the transport C/o to take me back to seg. without looking into my broken jaw claim. This again was an 8th amendment violation to the reckless and deliberate indifference to a serious physical injury, denying me proper treatment and not checking into my broken jaw claim. Dr Rankin's inaction caused me to suffer continual and extreme pain and suffering for the next 52 days. He is liable as an individual and in his official capacity for turning a blind eye to a thourough examination of my broken jaw claim with at least X-rays. After complaing for a couple more days to the C/o seg. officers and the morning nurses, on 12-3-09 I was again taken to the H.C.U. at East Moline Corr. Center. I was taken once again to Dr. Rankin's office where he dismissed me right away by telling the transport C/o to take me to the dentist, after I again expressed to him that I thought I had a broken jaw. once again Dr. Rankin violated my 8th amendment rights by passing the buck to the dentist and committing a state felony of official misconduct  over →

(6

720 ILCS 5/33-3 (b) (c) a Class 3 felony against me and medical malpractice, obstruction of justice 720 ILCS 5/31-4 (a) for passing me off on another health care division. The conspiracy 720 ILCS 5/8-2 starts here with Dr Rankin wanting to share the malpractice charges with others in the H.C.U. I was then taken to the dentists office where (Jane Doe) the dentist put her thumbs inside my mouth pushing, pulling and twisting my jaw multiple times causing me extreme pain. After doing this she determined that I was fine. I asked her if she would please take X-rays of my jaw. She agreed and took an X-ray of my lower jaw area. I then asked her if she would take another X-ray of my jaw-line up by my ear area. She said "no" and told me that if my jaw was broken it would be at the lower part where I was kicked. I tried to explain to her that it felt like my teeth were out of alignment and that it felt like my jaw seperated when I tried to eat. I again asked if she would take an X-ray of the upper part of my jaw. She refused and told the C/o to take me back to seg. Her refusal to look at my jaw was deliberate indifference to a serious medical need/dental need is unconstitutional (Ramos V Lamm) (Salazar V City of Chicago 7th Cir.) Dental Conditions are serious if they cause pain, discomfort or threat to good health. The restoration or extraction of painful teeth and the repairing of dental injuries to the mouth for people who [over →

(7

need their teeth and jaws to eat, chew and swallow food. IDOC's failure to provide me with reasonable and reasonably prompt attention to these types of matters is unconstitutional and may border on criminal violations. Such as official misconduct, obstructions of justice and conspiracy charges in addition to 8th and due process violations of the 14th amendment. My medical records only show about half of the complaints that I made to the C/O's and nurses about my migrane headaches, dizziness, vomiting, blood in my urine, inability to sleep and my inability to eat while I was in seg. at East Moline Corr. Center. My duration in seg. at East Moline Corr. Center lasted from 12-30-09 to 12-23-09 when I was transferred to Danville Corr. Center. In addition to the corrections staff, C/O's, medical and dental staff listed, my 8th amendment rights were violated by Carl E. Clark, Chairman of adjustment committee and Ryan J. Rivera, member of adjustment committee. Both are defendants in this civil rights action. Both heard my ticket for being in seg. and failed to act on my complaints of having a broken jaw, not being able to eat, blood in my urine, dizziness, vomiting, migrane headaches, and not being able to sleep all of which were recorded in my medical records. In addition to the previously mentioned problems I had also complained to the C/O's, adjustment committee members and nurses that I couldn't see well, that my vision was blurred and that my eyes were matting shut. This complaint was ignored also and was later treated at Danville Corr. Center as a fungus infection. over →

⑧

Steven J. Ballard, acting warden at Cast moline Corr. Center, is sued as an individual and in his official capacity for violating my 8th and due process rights of the 14th amendment while I was being violated by his staff and employees. He personally signed-off on my grievances and agreed with, that I was not assaulted or beaten due to staff's failure to be on their jobs in the dietary on 11-28-09 He also agreed and signed off that my transfer was not excess punishment (exibits b and c). Therefore violating my 8th amendment rights by committing official misconduct a Class 3 felony and obstruction of justice a Class 4 felony. Then turning a blind eye to my medical needs and showing deliberate indifference to what happened to me when I was attacked. Knowing that an attempt of murder and aggravated battery was carried out on me by inmate Muhommed in the dietary at Cast moline Corr. Center on 12-28-09. Brian Feirchild, member of the ARB ia springfield, dismissed my grievances in regard to the assault. my Claim of a broken jaw and that punishment was excess, exibits (d and e) A The last defendant Richard L. Bard Chief of operations IDOC springfield, I1. Knowingly violated my 8th amendment rights by ignoring the letter I sent him immediataly after being brutally assaulted and beaten (exibit f) I asked mr. Bard for help, I explained to him in detail the brutal assault and asked him what I should do. Mr. Bard's response (exibit g) was that the warden would respond to my concerns over the incident in the dietary.                over ⟶

(9

Mr. Bard is guilty of official misconduct, obstruction of justice and turning a blind eye to a serious medical need that I had, and deliberate indifference in treating / having my serious injuries treated by competent medical staff. As a ranking official in the Illinois Dept. of Corr, in Springfield Mr. Bard should have at least made inquires into my situation. An 8th amendment violation against cruel and unusual punishment. I believe that all the aforementioned defendants conspired to commit subornation of perjury 720 ILCS 5/8-2, Official misconduct 720 ILCS in covering up the aggravated battery 720 ILCS 5/12-4 (a), attempted murder 720 ILCS 5/8-1 (1) (a) that happened on their watch at East Moline Corr. Center on 11-28-09. All defendants named violated not only my 8th and due process rights of the 14th amendment but 3 Illinois state compiled statute felony violations covering up their failure to protect me and the safety and security of the workers in the dietary that day. East Moline Corr. Center tried to cover up their mistakes by transferring me to another prison: Danville Corr Center, with a broken jaw and making me suffer for 55 days unnecessary pain, inability to eat well, sleepless nights, fatigue and weight loss all from the brutal assault and the lack of competence in the employees at East Moline Corr. Center and IDOC Springfield, Il. It is amazing that East Moline's security, medical and dental staff would not at least try to examine me and treat me for a broken jaw. Something which the dental and medical staff at Danville Corr. Center over →

(10

took care of in a matter of days of finding out that I had a broken jaw. East moline's medical and dental staff did not care as individuals or in their official capacities what happened to me. I was an inmate under their care and they did nothing about reducing/easing my pain and suffering or attempting to repair my broken jaw. I had no answers for the medical staff at Danville Corr. Center when they asked why didn't the medical/dental staff take care of my broken jaw before they transferred me to Danville. they told me that it would have been impossible to miss a broken jaw by a routine examination and some X-rays. I have suffered unnecessary alot of pain both physical and emotional along with excess weight loss for 55 days until my jaw was finally repaired. I still suffer physical and emotional pain due to the brutal assault and lack of responsibility on the part of the aforementioned defendants. I now have 2 titanium plates, 8 titanium screws and a permanent 6 inch scar running down the side of my face. a constant reminder of the brutal assault, aggravated battery and possible attempted murder attempted by inmate muhammad The constant reminders that if the 2 food supervisors and the C/O on duty in the dietary would have been at their assigned areas instead of being in another part of the building, would have never occurred. By them leaving the entire dietary unsecure and inmates welfare and health at risk leaves the door open for their liability as individuals and in their official capacities for violating my 8th amendment rights    Over →

(11

against cruel and unusual punishment, official misconduct, and deliberate indifference. Defendants failure to diagnose, treat and repair my broken jaw then transferring me to another prison is way out of line and wrong. For 55 days I suffered sleep impared nights, severe migrane headaches, excessive weight loss and reoccuring nightmeres. All defendants are being sued in their official capacities and as individuals for money damages compensatory and punitive for allowing violations to happen while operating under the color of state law. In addittion to this C/O McColl and Warden Ballard were previously warned of my fears of a possible or likely problem and did nothing about my requests for their help in my situation, almost a week prior to the assault in the dietary. Exhibits "H" & "I"

## <u>Exhibits</u>

A) 11-28-09 - offender disciplinary report

B) 12-9-09 - Grievance Re: transfer 2pgs.

C) 12-9-09 - Grievance Re: Staff Conduct 2pgs.

D) 7-22-10 - ARB response Re: Brian Fairchild

E) 5-10-10 - ARB response Re: Brian Fairchild

F) 12-3-09 - Letter to Richard Bard, Springfield

G) 1-5-10 - Letter from Richard Bard, forwarding my
Concerns to Warden

H) 11-6-09 - Letter from me internal affairs % McColl

I) 11-6-09 - Letter from me to Warden Ballard

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

Compensatory damages to plaintiff Christopher Clingingsmith for violations of his 4th, 8th, and due process rights of the 14th amendment and for the fear, humiliation, physical, emotional and psychological damages that IDOC East Moline Corr. Center and Springfield employees (defendants) have cause to experience on a daily basis 11-28-09 through date of settlement of this action in the following amounts from each defendant named and involved in these civil rights violations and state felony tact committed against plaintiff Christopher Clingingsmith $200 per day from each defendant named as individuals to plaintiff from 11-28-09, the date of the civil rights violations and state felony tacts started and were committed against me while they were operating under the color of state law up to and including the settlement date of this Claim. (Continued on next page  1A)

**JURY DEMAND**          Yes ☒          No ☐

Signed this ___19___ day of ___April___, 2011.

Christopher Clingingsmith
*(Signature of Plaintiff)*

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Christopher Clingingsmith | N 80893 |
| Address: | Telephone Number: |
| 6665 State Rt 146 East, Vienna Il, 62995 | NA |

## 1A – Relief Requested

$400.00 per day from each defendant named in their official capacity from 11-28-09, the date of the civil rights violations, 8th amendment and state felony torts were started and were committed against me while they were operating under the color of state law up to and including the settlement date of this claim

### Punitive Damages

$25,000. from each defendant named as individuals for the physical pain, emotional and psychological stress, humiliation, fear and intimidation they subjected plaintiff to, from 11-28-09 the date my constitutional rights, 8th amendment and state felony torts were started and committed up to settlement date of this claim. $50,000. From each defendant named in their official capacities for turning a blind eye, reckless act and deliberate indifference the defendants showed from 11-28-09, the date I was assaulted, had an aggravated battery committed against me and a felony attempted murder made on me by Ameer Muhammad R25896 in the dietary at East moline Corr. center. As no security nor staff supervisors were present in the kitchen but were all on break in another part of the building. Punitive damages should be awarded from each defendant to named to plaintiff Christopher Clingingsmith N80893 for not only violating my 8th amendment rights but allowing State felony torts committed and turning a blind eye to giving plaintiff proper medical treatment to end his extreme physical pain and suffering.

IN THE

_United States District Court_
_Central District of Illinois_

_Christopher Clingingsmith_
Plaintiff,                                )
                                          )        (dentist)
                                          )
Steven J Bailard, Dr. W. Rankin m.o., Jane Doe,
Eric Lindley, LT. Lydan, mr. Ryan, John Doe (c/o working in)
Defendant. Carl Clark, Ryan Rivera, John McColl )
Brian Fairchild, Richard L. Bard.

Case No. NEW CASE

SCANNED AT BIG MUDDY CC and E-mailed
5/12/11 by J.H · 20 pages
date        initials    No.

### PROOF/CERTIFICATE OF SERVICE

TO: _United States District Court_           TO: _____
_Central District of Illinois_ Div. 4           _____
'0 U.S. Courthouse                               _____
211 19th St.                                     _____
Rock Island, IL 61201                            _____

PLEASE TAKE NOTICE that on _May 12_ , 20 _11_ , I have placed the
documents listed below in the institutional mail at the Big Muddy River Correct-
ional Center, properly addressed to the parties listed above for mailing
through the United States Postal Service:

_N/A_

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under
penalty of perjury, that I am a named party in the above action, that I have
read the above documents, and that the information contained therein is true
and correct to the best of my knowledge.

/S/ _Christopher Clingingsmith_

DATE: _____

Name: _Christopher Clingingsmith_
IDOC#: _N50893_
Big Muddy River Correctional Center
251 N. IL HWY 37
Ina, Illinois  62846-0900

Subscribed and sworn before me this
_____ day of _____, 20____.

_____
Notary Public

Dear Clerk,

I am enclosing an original Completed 42 U.S.C. 1983 Claim form, a motion for appointment of counsel, a motion to proceed informa pauperis and 15 copies of the Claim for distribution as follows:

2 copies to this Honorable Court for their record, one original

10 copies to be stamped an distributed to each defendant at East Moline Corr Center at 100 Hillcrest Rd. East Moline, Il. 61244

2 copies to be stamped and distributed to each defendant at 1301 Concordia Ct. Springfield, Il. 62794-9277

1 copies to be stamped and returned to me, plaintiff, Christopher Clingingsmith N80893 at 6665 State Rt. 146 East Vienna, Il. 62995

Respectfully Submitted,

Christopher Clingingsmith N80893

Christopher Clingingsmith N80893
6665 State Rt 146 East
Vienna, Il. 62995